IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| PATRICIA A. LAVADOUR, | MEMORANDUM DECISION AND ORDER GRANTING IN PART AMENDED MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
|---|---|
| Plaintiff, | |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | Case No. 2:11-cv-1163-BCW |
| | Magistrate Judge Brooke Wells |
| Defendant. | |

Before the Court is Plaintiff's amended motion for attorney fees[1] pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d). Plaintiff requests $6,276.50 to be paid by the United States Government pursuant to the EAJA.

## BACKGROUND

This case arises from an appeal of a decision of the Commissioner of the Social Security Administration denying Plaintiff's claims for disability benefits under the Social Security Act. On March 21, 2013, this Court issued a Memorandum Decision and Order reversing and remanding for further consideration Plaintiff's disability claim.[2] The Court reversed and remanded the Administrative Law Judge's ("ALJ") decision based upon the lack of substantial evidence supporting the ALJ's evaluation of the Plaintiff's treating and examining physicians.[3]

In 2007, Plaintiff was referred to Dr. David G. Ericksen, Ph.D. for a psychological evaluation.[4] In relevant part, the ALJ's opinion described the findings of Dr. Ericksen as follows:

---

[1] Docket no. 26.
[2] Docket no. 20.
[3] Id.
[4] Docket no. 6, Administrative Record ("Tr.") at 24.

Her test results suggested that she would be best suited to jobs involving simple, repetitive tasks, rather than acute judgment and insight. It was suggested that she undergo a thorough, psychiatric evaluation and have access to individual psychotherapy. In her current emotional condition, the doctor was of the opinion that she would be a poor prospect for employment or job training. Diagnostic impression was major depression (severe, without psychotic features), a cognitive disorder NOS, a R/O of a somatoform disorder NOS and a R/O of a personality disorder NOS (borderline, antisocial and histrionic features). Her global assessment of functioning (GAF) was placed at 50.[5]

With regard to this opinion, the ALJ did not state what weight, if any, he gave to Dr. Ericksen's opinion or any reasons for accepting or rejecting it.[6] After review of the record and the parties' arguments, the Court made the following findings with regard to Dr. Ericksen:

> There can be no doubt that Dr. Ericksen is an acceptable medical source. He is a psychologist who examined the Plaintiff and performed various tests. In addition, Dr. Erickson provided a medical opinion. Dr. Ericksen discussed the Plaintiff's symptoms, diagnosis, prognosis, recommended treatment regime and issues Plaintiff may encounter through job training. In addition, the GAF score given by Dr. Ericksen was in line with Ms. Wolfinger's assessments. Thus, although Dr. Ericksen's opinion was rendered prior to the alleged onset date, the ALJ should have provided the weight, if any, to be given to Dr. Ericksen's opinion or at least discussed why this opinion was rejected or accepted. Instead, the ALJ's opinion did not provide any discussion as to Dr. Ericksen after a summary of his findings. In addition, without re-weighing the evidence, this is not a harmless error. As the Plaintiff points out, the ALJ's failure to credit Dr. Ericksen's medical opinion could have caused harm to the Plaintiff, because if the opinion were properly considered could have altered the weight given to other medical opinions or possibly supported a finding of disability.[7]

In addition to not weighing Dr. Ericksen's opinion, the ALJ did not give any medical opinion "controlling weight."[8] Rather, the ALJ gave "more weight" to the opinion of Dr. Ririe, a state examining physician and "weight" to the opinion of Dr. Justin Johnsen, a consultative

---

[5] Id.
[6] Id.
[7] Docket no. 20. at 14.
[8] Tr. at 17-35.

physician.[9] As to other state agency physician opinions, the ALJ stated "…the State agency physicians have reviewed the medical records and are experienced and knowledgeable regarding SSA disability requirements."[10] The ALJ did not discuss any other weight or reasons for rejection or acceptance of state agency physicians' opinions.

Upon review, the Court found the ALJ's lack of specificity as to the weight assigned to the medical opinions of Dr. Johnsen, Dr. Ririe and the state agency physicians lacked specificity and warranted further review and remand.[11] The Court also found the ALJ erred by stating that the state agency physician opinions were not entitled to controlling weight but then did not assign any lesser weight nor provide any reasoning in order for the Court to discern whether those opinions were accepted or rejected.[12]

Based upon the Court's decision, Plaintiff became the prevailing party for purposes of the EAJA. Plaintiff now moves the Court for an award of attorney fees under the EAJA in the amount of $6,276.50. The Commissioner does not contest the amount, or the fact that the Plaintiff was the prevailing party. However, the Commissioner asserts that her position was substantially justified and therefore an award of attorney's fees is improper.

## **STANDARD**

The EAJA provides that in civil actions, a party who prevails against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[13] The only dispute in this Motion is whether the Commissioner's position was substantially justified.

---

[9] Tr. at 24-29.
[10] Tr. at 32-33.
[11] Docket no. 20.
[12] Id.
[13] 28 U.S.C. § 2412(d)(1)(A).

"The test for substantial justification in this circuit is one of reasonableness in law and fact."[14] Accordingly, the government's position must be "justified to a degree that could satisfy a reasonable person."[15] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[16] Of note, is the distinction between the substantial evidence standard under the Social Security Act, and the substantial justification requirement under the EAJA.[17] As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."[18] Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[19] and at odds with the Supreme Court's decision in Pierce v. Underwood.[20] Thus, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."[21]

## ANALYSIS

**A. Substantial Justification**

The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special

---

[14] Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995)(internal citations omitted).
[15] Pierce v. Underwood, 487 U.S. 552, 565 (1988).
[16] Id. at 552, n. 2.
[17] See Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988).
[18] Id.
[19] See Taylor v. Heckler, 835 F.2d 1037, 1044 (3rd Cir. 1987)(examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").
[20] 487 U.S. 552.
[21] Hadden, at 1269.

circumstances make an award unjust."[22] The Commissioner argues the position of the Government was substantially justified and therefore, an award of fees under the EAJA is not appropriate in this case.

### 1. Dr. Erickson's Opinion

In her Opposition to the present motion, the Commissioner argues that her position with respect to the opinion of Dr. Erickson was reasonable in law and in fact because Dr. Erickson's statements are not a medical opinion as defined by the regulations because "Dr. Ericksen's statement provides little insight into Plaintiff's actual restrictions."[23] Further, the Commissioner argues that "Dr. Ericksen's statement that Plaintiff 'would be a poor prospect for employment or job training' was akin to an opinion as to whether Plaintiff was disabled and unable to work and is not valid because Dr. Ericksen's statements concern administrative findings reserved to the Commissioner."[24]

The Court finds the Commissioner's arguments regarding Dr. Ericksen to be unpersuasive. It is clear that Dr. Erickson did in fact render a medical opinion under 20 C.F.R. § 416.927(a)(2) which provides, "medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect the judgments about the nature and severity of [a claimant's] impairments, including…symptoms, diagnosis, and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions."[25] First, Dr. Ericksen is a psychologist[26] and after examining Plaintiff rendered an opinion as to Plaintiff's psychological diagnosis and prognosis. Although in one sentence of his opinion, Dr. Ericksen opined that Plaintiff would be a poor prospect for employment or job training in her

---

[22] 28 U.S.C. § 2412 (d).
[23] Docket no. 24 at 4.
[24] Id.
[25] 20 C.F.R. § 416.927(a)(2).
[26] Tr. at 24. ("The claimant was referred to David G. Ericksen, Ph.D., for a psychological evaluation.")

current emotional state; Dr. Ericksen also made other findings with regard to Plaintiff's restrictions. In addition, despite § 416.927's directive that "[r]egardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight…we consider all of the following factors in deciding the weight we give to any medical opinion,"[27] the ALJ did not provide any weight nor discussion as to Dr. Ericksen's opinion. Therefore, the Court agrees with Plaintiff as to Dr. Ericksen's opinion that the Commissioner's position was not supported by substantial evidence because "…the ALJ did not properly consider Dr. Ericksen's opinion nor the his diagnosis of anxiety as a serious impairment, nor his testing, nor the inference of these findings leading Dr. Ericksen to form an opinion of Ms. Lavadour's inability to work."[28]

**2. Opinions of Dr. Johnsen, Dr. Ririe, and State Agency Physicians.**

Upon appeal, Plaintiff did not take issue nor did the parties brief the deficiencies associated with the opinions of Dr. Johnsen, Dr. Ririe or the state agency physicians. However, upon review the Court found the "ALJ's lack of specificity as to the weight assigned to each of the medical opinions [warrants] further review and remand."[29] In response to the present Motion, the Commissioner argues that given a chance to address these opinions, the Commissioner's position would have been reasonable because none of the opinions were consistent with disability and the ALJ assessed greater limitations than the state agency physician opinions.[30] Further, the Commissioner argues that "…any deficiency in the ALJ's weighing of these opinions is harmless because even if he had granted them controlling weight,

---

[27] 20 C.F.R. § 416.927.
[28] Docket no. 27 at 4-5.
[29] Docket no. 20.
[30] Docket no. 24 at 5-6.

6

they would support the ALJ's ultimate conclusion that Plaintiff was not disabled."[31] Plaintiff, on the other hand argues, "[t]he government does not tell us why the ALJ was reasonable in failing to be specific as to his weighing of opinions—only that it is has an argument of how the ALJ could have weighed the various medical opinions so as to be consistent with the ALJ's decision."[32]

Upon review of the record and the Court's previous Order, the Court finds that under the "substantial justification" standard of the EAJA, the Commissioner's arguments as related to Drs. Johnsen, Ririe and the state agency physicians have merit. While not argued or briefed by the parties, the Court scrutinized the ALJ's opinion as to these medical opinions. The Court found that the ALJ's findings as to Dr. Johnsen, Ririe and the state agency physicians were not specific enough to warrant meaningful judicial review. The Court made these findings after finding the ALJ erred in his evaluation of Dr. Ericksen's opinion and in order to "remind the ALJ to heed the requirement to evaluate every medical opinion in the record"[33] However, with regard to these medical opinions, the ALJ's opinion viewed in isolation may have constituted a "harmless error" as the Commissioner has argued because none of these physicians opined Plaintiff was disabled. Therefore, under the substantial justification standard, the Court finds that with regard to the opinions of Drs. Johnsen, Ririe and the State Agency physicians, the Commissioner's position "can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[34]

---

[31] Docket no. 24, at p. 6.
[32] Docket no. 27 at p. 5.
[33] Sitsler v. Astrue, 410 Fed. App'x 112, 119 (10th Cir. 2011).
[34] Pierce v. Underwood, 487 U.S. 552 n. 2.

### B. Fee Request

Finally, although the amount of attorney's fees requested by the Plaintiff is not challenged by the Commissioner, the Court concludes that the proper resolution with regard to fees in this case lies the middle of what the Plaintiff is requesting. The Court's decision is based upon the foregoing discussion and the finding that Commissioner's position with regard to Dr. Ericksen was not substantially justified and the finding that the Commissioner's position with regard to Drs. Johnsen, Ririe and the State Agency Physicians was substantially justified. Therefore, the Court within its discretion will reduce the amount of attorney's fees awarded to the Plaintiff by half.

## ORDER

Based on the foregoing, the Court finds that a partial award of EAJA fees is appropriate given the circumstances of this case. Accordingly, Plaintiff's Amended Motion for Attorney's Fees is GRANTED IN PART.[35] The Court awards Plaintiff $3,135.25 in EAJA fees. Such fees are ORDERED payable to Plaintiff.[36]

**IT IS SO ORDERED.**

DATED this 15 November 2013.

Brooke C. Wells
United States Magistrate Judge

---

[35] Docket no. 26.
[36] See Astrue v. Ratliff, 130 S.Ct. 2521 (2010)(holding "a § 2412(d) fees award is payable to the litigant (not the litigant's attorney) and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States.")